# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 13, 2009

136680 & (89)(90)(93)

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

EDITH KYSER,
          Plaintiff-Appellee,

v

          SC: 136680
          COA: 272516
          Leelanau CC: 04-006531-CZ

KASSON TOWNSHIP,
          Defendant-Appellant.

_____/

On order of the Court, the motions for leave to file briefs amicus curiae are GRANTED. The application for leave to appeal the May 6, 2008 judgment of the Court of Appeals is considered, and it is DENIED, there being no majority in favor of granting leave to appeal.

WEAVER, J., is not participating in this case because she has a past and current business relationship with Kasson Township Supervisor Fred Lanham and his family.

CORRIGAN, J. (*dissenting*).

Today's decision denies this Court the opportunity to inquire about the justification for past decisions of this Court that have read into the law provisions that were never placed there by the Legislature itself. As a consequence, the general rule of judicial deference to the decisions of local zoning authorities has been altered with regard to the extraction of natural resources, and the judiciary has been afforded a considerably greater role in questioning the judgments of such authorities and effectively acting as a super zoning commission.

I respectfully dissent from the order denying defendant's application for leave to appeal. I would grant leave to appeal because I believe that this Court should examine the unconstitutional implications of the "very serious consequences" rule first adopted in *Silva v Ada Twp*, 416 Mich 153 (1982).

Defendant Kasson Township denied plaintiff Edith Kyser's application to rezone her property for gravel mining. Defendant asserted that granting plaintiff's application would undermine its comprehensive zoning scheme and engender applications from numerous other property owners for a similar rezoning of their properties. Plaintiff filed suit, contending that defendant's refusal violated her substantive due process rights because gravel mining on her property would cause no "very serious consequences" under *Silva*. After a bench trial, the Leelanau Circuit Court held that because plaintiff's request for rezoning would not result in very serious consequences, plaintiff could mine gravel on her property. The Court of Appeals affirmed in a divided decision. *Kyser v Kasson Twp*, 278 Mich App 743 (2008). Defendant now seeks leave to appeal to this Court.

In *Silva*, the Court held that "zoning regulations which prevent the extraction of natural resources are invalid unless 'very serious consequences' will result from the proposed extraction." *Silva, supra* at 156. The *Silva* Court characterized its holding as "reaffirming" the rule of *Certain-teed Products Corp v Paris Twp*, 351 Mich 434 (1958). *Id*. As Justice Ryan noted in his partial concurrence and dissent in *Silva*, however, "the supposed 'rule' favoring the removal of natural resources unless 'very serious consequences' would result was merely obiter dictum" in *Certain-teed Products* and an earlier case on which the *Silva* majority also relied, *City of North Muskegon v Miller*, 249 Mich 52 (1929). *Silva*, *supra* at 165. Therefore, although ostensibly reaffirming the rule of *Certain-teed Products*, the *Silva* Court adopted the "very serious consequences" rule for the first time. In so doing, *Silva* created a new rule without fully grappling with the unconstitutional implications of that rule.

In my view, this Court should reexamine the "very serious consequences" rule for myriad reasons. First, the rule upsets the traditional separation of powers because it compels courts to engage in an expansive review that essentially crafts state and local zoning and environmental policy. This Court "does not sit as a superzoning commission"; instead, "[t]he people of the community, through their appropriate legislative body, and not the courts, govern its growth and its life." *Robinson v Bloomfield Hills*, 350 Mich 425, 430-431 (1957). In contrast, the "very serious consequences" rule violates this Court's well-established principle of not substituting "our judgment for that of the legislative body charged with the duty and responsibility in the premises." *Id*. at 431. If a reviewing court wishes to follow the *Silva* rule, the court must, in effect, substitute its opinion regarding the appropriateness of the designation at issue for the opinion of the local zoning authority, thereby exercising a legislative function.

Moreover, the rule stands in stark contrast to the traditional rules under which plaintiff may challenge the validity of a zoning ordinance. According to the traditional rules, plaintiff has the burden of proving, "first, that there is no reasonable governmental interest being advanced by the present zoning classification itself . . . or secondly, that an

ordinance may be unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question." *Kropf v Sterling Hts*, 391 Mich 139, 158 (1974). Under the "very serious consequences" rule, however, the burden shifts from the plaintiff to the municipality. Plaintiff no longer must "prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property." *Id*. at 162 (quotation marks and citation omitted). Instead, the municipality must convince the trial court that because the anticipated consequences of allowing mining cannot be otherwise mitigated, it has a compelling interest in preventing "very serious consequences" by denying a rezoning application.

The amici curiae briefs of the State Bar's Public Corporation Law Section (PCLS), the American Planning Association (APA), and the Michigan Association of Planning (MAP) underscore the jurisprudential significance of the "very serious consequences" rule. The PCLS argues that the subsequent enactment of MCL 125.3207, which prohibits townships from excluding lawful land uses, has superseded the *Silva* Court's "very serious consequences" rule. The APA and the MAP also challenge two faulty justifications often cited to support the *Silva* rule. They argue that the mere presence of minerals on property is not so unusual that courts should elevate it above general land use regulations. Moreover, the APA and the MAP note that the appropriate forum in which to establish statewide natural resource management policies is the Legislature, not the courts. Because our Legislature has yet to adopt any policy establishing mining or extraction as a preferred land use, the *Silva* Court erred when it legislated that policy by judicial decree.

Accordingly, I would grant leave to appeal to examine the unconstitutional implications of the "very serious consequences" rule.

YOUNG, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 13, 2009

_____
Clerk

p0310